UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DENNIS BLANCHARD ET AL.**            **CIVIL ACTION**

**VERSUS**            **No. 13-220**

**SALVADOR LEE ET AL.**            **SECTION I**

## ORDER AND REASONS

Before the Court is the motion filed by defendant, E*TRADE Securities LLC ("E*TRADE"), to dismiss plaintiffs' complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement pursuant to Rule 12(e). Plaintiffs, Dennis Blanchard et al, oppose the motion.[1] The Court assumes familiarity with the background and analysis set forth in the Order and Reasons granting the motions to dismiss filed by Bank of America, N.A. and Wells Fargo Bank, N.A. (collectively, "defendant banks").[2]

## Law and Analysis

### I. Federal Rules of Civil Procedure 12(b)(6) and 12(e)

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. Fed. R. Civ. Proc. 12(b)(6); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007); *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007). As the U.S. Court of Appeals for the Fifth Circuit explained in *Gonzalez v. Kay*:

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555,

---

[1]R. Doc. No. 98.
[2]R. Doc. No. 119.

> 127 S.Ct. 1955, 167 L. Ed.2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey,* 197 F.3d at 774; *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). Further, in *Iqbal*, the Supreme Court stated that, "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 555 (2007)).

If a complaint is overly vague, a defendant may seek to elicit a more definite statement of a plaintiff's allegations. "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Rule 12(e) provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

"[A Rule] 12(e) motion for a more definite statement is disfavored. It is universally deemed appropriate only when the pleading addressed is so vague it cannot be responded to." *Prudhomme v. Proctor & Gamble Co.*, 800 F. Supp. 390, 396 (E.D. La.1992) (citations omitted). Moreover, the Fifth Circuit has cautioned:

> In view of the great liberality of F. R. Civ. P. 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss. It is to be noted that a motion for more definite statement is not to be used to assist in getting facts in preparation for trial as such. Other rules relating to discovery, interrogatories and the like exist for this purpose.

*Mitchell*, 269 F.2d at 132.

## II. Threshold Issues

### A. La. Rev. Stat. 6:1124

When analyzing defendant banks' motions to dismiss, the Court largely relied on La. Rev. Stat. 6:1124, which generally limits financial institutions' fiduciary duties to third parties to circumstances in which there is a written agency or trust agreement that evidences such a duty.[3] E*TRADE's memoranda rely on cases that similarly hold that Louisiana banks generally do not owe

---

[3] R. Doc. No. 119, at 5.

a duty to third parties.[4] E*TRADE additionally argues that La. Rev. Stat. 6:1124 applies because E*TRADE is a financial institution.

In the context of La. Rev. Stat. 6:1124, a financial institution is defined as "a bank, savings and loan association, savings banks, or credit union authorized to transact business in this state." La. Rev. Stat. § 6:1121. E*TRADE acknowledges that it is not a bank but argues that it performs "banking functions."[5] While persuasive authority suggests that a financing affiliate, for example, which performs such functions "falls under the rubric of La. R.S. 6:1124 either directly or by analogy," the Court is not convinced, absent further briefing, that this persuasive authority applies to E*TRADE. *See Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, 56 F. Supp. 2d 694, 703 (E.D. La. 1999). In the case cited by E*TRADE, *Westside-Marrero Jeep Eagle*, the Court noted that the relevant institutions performed "banking functions, such as borrowing and lending." *Id.* Here, the factual allegations in the pleadings do not permit the Court to determine what banking functions, if any, E*TRADE performs.

However, plaintiffs' opposition to dismissal assumes that E*TRADE should be treated as a financial institution subject to the protections of La. Rev. Stat. 6:1124. Plaintiffs cite *In re Succession of McKnight*, 768 So. 2d 794, 798 (La. App. 2d Cir. 2000), and *Oakes v. Countrywide Home Loans, Inc*, No. 07-9743, 2012 WL 2327920, at *6 (E.D. La. June 1, 2012). The Court addressed both of these cases in granting defendant banks' motion to dismiss.[6] With respect to E*TRADE, as with respect to defendant banks, there is no alleged assumption of a contractual duty, third-party beneficiary relationship, or other facts that make the claims against E*TRADE analogous

---

[4]R. Doc. No. 90-1, at 9-10.
[5]R. Doc. No. 106, at 3 & n.2. Elsewhere in its memoranda, however, E*TRADE argues that it "does not carry on the business of banking." R. Doc. No. 90-1, at 19.
[6]R. Doc. No. 119, at 5-6.

to the claims in the cases cited by plaintiffs. *Compare Smith v. Dep't of Pub. Safety*, 620 So. 2d 1172 (La. App. 1st Cir. 1992) ("[I]n some instances, a party's assumption of a contractual duty may create a corollary or incidental tort duty in favor of third persons.").

The Court cannot determine at this stage whether E*TRADE performs banking functions or otherwise qualifies for the protection afforded by La. Rev. Stat. 6:1124. Moreover, the Court cannot determine at this stage whether E*TRADE is sufficiently analogous to a bank to be granted the protection that Louisiana case law affords banks. Accordingly, dismissal will not be granted on this basis alone.

### B. Grouping

The Court notes that E*TRADE asserts that grouping it with other defendants, and collectively referring to this group as "Defendant Corporations" "is insufficient to constitute any sort of allegation against any individual defendant, such as E*TRADE."[7] But E*TRADE has not cited supporting authority. While such group pleading may or may not be facially insufficient in some circumstances,[8] the Court will not dismiss plaintiffs' claims on this basis alone absent citation to supporting authority. Insofar as the Court is permitting plaintiffs to submit a more definite statement rather than dismiss their claims, however, the Court expects plaintiffs to avoid this pitfall going forward. Accordingly, plaintiffs' more definite statement may not group E*TRADE with other "Defendant Corporations," nor merely alter the phrase "Defendant Corporations" to include a list of defendants. In filing a more definite statement, plaintiffs shall specifically state the acts committed by E*TRADE.

---

[7]R. Doc. No. 90-1, at 20.
[8]The grouping of "Defendant Corporations" includes the allegedly improper investment funds and E*TRADE, as well as various other corporations allegedly involved in the Ponzi scheme. This is not a case where grouping provides a convenient means of referring to separate actors who perform identical actions and are subject to an identical legal analysis.

**III. Causes of Action**

    **A. Breach of Contract**

Plaintiffs allege that "E*Trade entered into a written or oral agreement with Plaintiffs to process the wire funds into the Tenas Lake Mining Project" and that E*TRADE breached this agreement.[9] For the reasons articulated with respect to defendant banks,[10] and considering the facts alleged solely as to E*TRADE,[11] plaintiffs' breach of contract claim is not facially plausible. Accordingly, dismissal of plaintiffs' breach of contract claim against E*TRADE is appropriate.

    **B. Negligence**

Plaintiffs allege that E*TRADE had "a duty of care to the Plaintiffs as the improper recipient of wired funds" and that it breached this duty "by knowingly and improperly cashing checks and accepting wires written for specific investments, not for the personal accounts of Defendants Richard and Lori Reynolds."[12] E*TRADE contends that plaintiffs have failed to state a claim for negligence because "E*TRADE owed no duty to plaintiffs." E*TRADE highlights that plaintiffs do not allege that they were E*TRADE customers and that plaintiffs instead rely on co-defendants Lori and Richard Reynolds' use of E*TRADE's services when handling plaintiffs' funds.

The Court afforded defendant banks the protection of La. Rev. Stat. 6:1124 in granting their motion to dismiss plaintiffs' negligence claims. Here, in light of the uncertain availability of that

---

[9] R. Doc. No. 83, at 18.
[10] *See* R. Doc. No. 119, at 6-8.
[11] As E*TRADE notes, plaintiffs fail to allege facts suggesting that they had any opportunity to communicate with E*TRADE about their funds, much less enter into a contract relative to those funds. *See* R. Doc. No. 90-1, at 15 n. 11.
[12] R. Doc. No. 83, at 17.

statute, the Court turns to E*TRADE's alternative argument that the foreseeable risk to plaintiffs defines the contours of any duty and that here any risk to plaintiffs was unforeseeable.[13] E*TRADE argues that "[b]roker-dealers, like E*TRADE, owe duties to their customers but those duties do not extend to third parties who may, or may not, have business dealings with the broker-dealer's customers," but E*TRADE does not cite supporting authority.[14] The vague nature of plaintiffs' allegations as to E*TRADE make it difficult, if not impossible, to determine at this stage whether the risk to plaintiffs was foreseeable or whether a duty may otherwise existed under Louisiana law.[15] The Court finds that a more definite statement from plaintiffs is required with respect to their negligence claim, insofar as it is premised on the existence of a duty under Louisiana law.

With respect to plaintiffs' arguments that E*TRADE was negligent by "failing to implement a satisfactory Anti-Money Laundering Program" in violation of the Bank Secrecy Act,[16] however, dismissal is warranted. "The obligation under that statute is to the government rather than some remote victim. The obligation is not to roam through its customers looking for crooks and terrorists." *Marlin v. Moody Nat'l Bank, N.A.*, No. 04-4443, 2006 WL 2382325, at *7 (S.D. Tex. Aug. 16, 2006) *aff*'d, 248 F. App'x 534 (5th Cir. 2007). The Bank Secrecy Act does not create a cause of action or otherwise give rise to a duty to plaintiffs, and dismissal of any negligence claims premised on a violation of the statute is appropriate. *See, e.g.*, *AmSouth Bank v. Dale*, 386 F.3d 763, 777 (6th Cir. 2004).

---

[13]R. Doc. No. 90-1, at 9.
[14]R. Doc. No. 90-1, at 3.
[15]E*TRADE notes that it is not familiar with any Louisiana state court cases holding that a broker-dealer owes a duty to a third party, R. Doc. No. 90-1, at 9, but the Court is also not familiar with cases with a contrary holding. To the extent E*TRADE intends to rely on this argument, further briefing and citation to legal authority is needed.
[16]R. Doc. No. 83, at 14, 17; *see also* R. Doc. No. 98, at 2.

In conclusion, insofar as plaintiffs' negligence claim against E*TRADE relies on the Bank Secrecy Act, dismissal is warranted. Plaintiffs shall file a more definite statement with respect to any remaining negligence claim against E*TRADE.

### C. Negligent Misrepresentation

E*TRADE's motion to dismiss alleges that plaintiffs have not included E*TRADE in their negligent misrepresentation claim. E*TRADE is described as one of several "Defendant Corporations" by plaintiffs, however, in the complaint's identification of the parties,[17] and plaintiffs' negligent misrepresentation claim describes certain actions by "Defendant Corporations."[18] Accordingly, dismissal is unwarranted on the basis proposed by E*TRADE.[19] Nonetheless, a more definite statement is required to determine the nature of plaintiffs' claim.[20]

### D. Breach of Fiduciary Duty; Uniform Fiduciaries Act

Plaintiffs allege that E*TRADE "owed Plaintiffs a fiduciary duty" and breached this duty by "self-dealing," failing to provide "full and fair disclosure" to plaintiffs, failing to inform plaintiffs of its suspicions about the legitimacy of investments, and knowingly processing investment money into the Reynolds' personal accounts.[21]

Just as it is impossible to discern the extent of the duty, if any, owed to plaintiffs by E*TRADE in the negligence context, the Court cannot determine whether plaintiffs' fiduciary duty claim is facially plausible. A more definite statement is required.

---

[17]R. Doc. No. 83, at 4.
[18]R. Doc. No. 83, at 20-21.
[19]In dismissing the negligent misrepresentation claims against defendant banks, the Court relied on La. Rev. Stat. 6:1124. R. Doc. No. 119, at 8-9.
[20]*See* R. Doc. No. 119, at 9.
[21]R. Doc. No. 98, at 18-19.

With respect to the Uniform Fiduciaries Act, which immunizes banks that interact with fiduciaries in certain circumstances, the relevance of plaintiffs' claims is unclear. The Court interprets them as additional allegations relative to the breach of fiduciary duty claim. Accordingly, a more definite statement is also required as to whether plaintiffs contend the Uniform Fiduciaries Act applies to E*TRADE.

### E. Louisiana Racketeering Act

With respect to plaintiffs' Louisiana Racketeering Act claim, dismissal is appropriate for reasons similar to those stated with respect to defendant banks.[22] The complaint does not contain facially plausible allegations that E*TRADE knew of the alleged Ponzi scheme's criminal nature, nor plausible facts connecting E*TRADE with the alleged racketeering activity beyond the provision of E*TRADE's ordinary services.

### F. Conspiracy

The Court stated with respect to defendant banks, "Plaintiffs fail to state facts that would lead the Court to find a facially plausible agreement between the defendant banks or between the defendant banks and other members of the alleged conspiracy, a tortious act, or a manner in which the defendant banks provided assistance or encouragement to the other alleged conspirators."[23] This reasoning applies with equal force to the claim against E*TRADE. Accordingly, dismissal of the conspiracy claim against E*TRADE is warranted.[24]

### G. Detrimental Reliance

---

[22] R. Doc. No. 119, at 13-14.
[23] R. Doc. No. 119, at 15.
[24] R. Doc. No. 119, at 14-15.

E*TRADE's motion to dismiss plaintiffs' detrimental reliance claim refers to plaintiffs' allegations against "Defendant Brokers." As noted above, plaintiffs grouped E*TRADE with Defendant Corporations, rather than with Defendant Brokers. In any case, E*TRADE's arguments as to Defendant Brokers apply with equal force to the Defendant Corporations group.[25] For the reasons stated in this Court's prior Order and Reasons,[26] plaintiffs fail to state a facially plausible detrimental reliance claim against E*TRADE, and dismissal of the detrimental reliance claim is appropriate.

### H. Louisiana Securities Law

E*TRADE's argument for dismissal of the Louisiana Securities Law claim relies on the assertion that "Plaintiffs do not and cannot allege that E*TRADE sold any securities to them. Nor do they allege, as they cannot, that E*TRADE actively participated in the offer and sale of any securities to them."[27] Plaintiffs repeatedly allege, however, that "Defendant Corporations" sold securities to the plaintiffs.[28] Similarly, E*TRADE argues that plaintiffs do not allege that E*TRADE made untrue statements of material fact or omitted to state any material facts.[29] Plaintiffs make such allegations against Defendant Corporations, however, which ostensibly include E*TRADE.[30] Without passing judgment on the adequacy of these bare allegations, the Court rejects E*TRADE's argument that these allegations are simply not present. Accordingly, dismissal is not warranted on

---

[25] *See* R. Doc. No. 83, at 20-21.
[26] R. Doc. No. 119, at 15-16.
[27] R. Doc. No. 90-1, at 21.
[28] R. Doc. No. 83, at 22-23.
[29] R. Doc. No. 90-1, at 19.
[30] R. Doc. No. 83, at 22-23.

the Louisiana Securities Law claim. A more definite statement is required, however, to discern the factual basis for any such claim against E*TRADE.

## Conclusion

Dismissal is appropriate with respect to plaintiffs' breach of contract, racketeering, conspiracy, and detrimental reliance claims, as well as any negligence claim premised on the Bank Secrecy Act.

With respect to the remaining claims, E*TRADE's request for a more definite statement is warranted. This case does not involve a defendant "trying to subvert the intent of the federal rule requiring only notice pleading," nor is this an attempt to circumvent the rules of discovery. *Sargent v. Riley*, No. 02-1857, 2003 WL 30418, at *4 (E.D. La. Jan. 3, 2003). Rather, plaintiffs' remaining claims are so vague that "it is impossible to discern with any degree of certainty exactly what claims plaintiffs mean to assert therein." *Id.*

**IT IS ORDERED** that the motion to dismiss or, in the alternative, for a more definite statement is **GRANTED IN PART**. Plaintiffs' breach of contract, racketeering, conspiracy, and detrimental reliance claims, as well as any negligence claim premised on the Bank Secrecy Act, against E*TRADE are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that on or before **Monday, August 26, 2013,** plaintiffs shall file a more definite statement relative to their remaining negligence, negligent misrepresentation, breach of fiduciary duty, and Louisiana Securities Law violation claims against E*TRADE. This statement shall remedy the "defects complained of and the details desired" as described in E*TRADE's motion and the foregoing opinion. *See* Fed. R. Civ. Pro. 12(e).

**IT IS FURTHER ORDERED** that the motion to dismiss or, in the alternative, for a more definite statement is **DENIED** in all other respects. E*TRADE may re-urge its arguments as to plaintiffs' remaining claims after the filing of a more definite statement.

New Orleans, Louisiana, August 15, 2013.

                                                                                       **LANCE M. AFRICK**
                                                                              **UNITED STATES DISTRICT JUDGE**