UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DENNIS BLANCHARD ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-220** |
| **SALVADOR LEE ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion to dismiss[1] filed by defendant, E*TRADE Securities, LLC ("E*TRADE"). Plaintiffs, Dennis Blanchard et al, have filed an opposition,[2] to which E*TRADE has replied.[3] For the following reasons, the motion is **GRANTED**.

The Court assumes familiarity with the background and analysis initially set forth in its prior Order and Reasons granting motions to dismiss filed by other defendants.[4] E*TRADE previously filed a motion to dismiss, which the Court granted in part.[5] The Court permitted plaintiffs to provide a more definite statement as to the claims that were not dismissed.[6] After they did so, E*TRADE filed the instant motion.

---

[1] R. Doc. No. 144.
[2] R. Doc. No. 156.
[3] R. Doc. No. 163.
[4] R. Doc. No. 119.
[5] R. Doc. No. 90.
[6] R. Doc. No. 120.

**LAW AND ANALYSIS**

**I. Federal Rule of Civil Procedure 12(b)(6)**

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. Fed. R. Civ. Proc. 12(b)(6); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007); *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007). As the U.S. Court of Appeals for the Fifth Circuit explained in *Gonzalez v. Kay*:

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L. Ed.2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey,* 197 F.3d at 774; *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). Further, in *Iqbal*, the Supreme Court stated that, "a pleading that offers labels and conclusions

or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 555 (2007)).

**I. Negligence, Negligent Misrepresentation, and Fiduciary Duty Claims**

E*TRADE argues that dismissal of plaintiffs' negligence and negligent misrepresentation claims is appropriate because (1) plaintiffs have failed to provide a sufficiently definite statement; (2) E*TRADE owes no duty to plaintiffs pursuant to Louisiana caselaw; and (3) E*TRADE owes no duty to plaintiffs pursuant to La. Rev. Stat. 6:1124.[7] Even assuming plaintiffs' statement is sufficiently definite, E*TRADE is entitled to dismissal of these claims.

Plaintiffs do not satisfactorily address E*TRADE's legal argument that a broker has no duty to an investor where there is no customer-broker relationship. Plaintiffs rely solely on *Beckstrom v. Parnell*, 714 So. 2d 188 (La. Ct. App. 1st Cir. 1998), quoting it for the proposition that "a broker has a duty to give a full and fair disclosure to a securities investor."[8] They do not quote the next line of *Beckstrom*: "However, depending on the customer-broker relationship, the nature of the transaction, and the sophistication of the customer, the duty can change." *Beckstrom v. Parnell*, 730 So. 2d 942, 948 (La. App. 1st Cir. 1998).[9] While, as plaintiffs note, *Beckstrom* states that "the nature of the fiduciary duty owed will vary, depending on the relationship between the broker and the investor," *Beckstrom* is replete with language reiterating that the "relationship" discussed in that case existed between a broker and its customer-investor. Plaintiffs have failed to present authority

---

[7]R. Doc. No. 119.
[8]R. Doc. No. 156, at 2.
[9]The case to which plaintiffs cite was reheard and a new opinion was released. The Court relies on the newer opinion, which, in any event, contains the statement quoted by plaintiffs.

for the proposition that *Beckstrom* extends to cases where there is no alleged customer-broker relationship between a plaintiff and defendant.

When addressing E*TRADE's previous motion to dismiss, the Court noted that plaintiffs seemed to assume that E*TRADE should be treated as a financial institution subject to the protections of La. Rev. Stat. § 6:1124.[10] Nonetheless, the Court refrained from ruling on the issue, even though plaintiffs did not appear to offer any opposition in their briefing. E*TRADE has once again raised this argument, and plaintiffs have once again failed to address it.

Accordingly, given that plaintiffs have failed to rebut E*TRADE's legal arguments by citing to appropriate legal authority, the motion to dismiss is **GRANTED** relative to the negligence, negligent misrepresentation, and fiduciary duty claims.

## II. Louisiana Securities Law Claim

The Court previously ordered plaintiffs to provide a more definite statement as to their Louisiana Securities Law claim, explaining that the Court could simply not discern the claim's factual basis.[11] In their more definite statement, plaintiffs assert that "E*Trade sold securities to the Plaintiffs . . . by means of untrue statements of material facts and/or omissions of material facts, which made their statements misleading in light of circumstances in which they were made."[12] In a subsequent sentence, plaintiffs suggest that the material fact allegedly omitted was that Richard and Lori Reynolds were using plaintiffs' funds in a manner contrary to plaintiffs' intent.[13]

---

[10] R. Doc. No. 120, at 4-5.
[11] R. Doc. No. 120, at 10-11.
[12] R. Doc. No. 128, at 3-4.
[13] R. Doc. No. 128, at 4.

In its motion for dismissal, E*TRADE argues that plaintiffs have failed to allege that E*TRADE sold them securities.[14] In their opposition, plaintiffs concede this point, admitting that "although Plaintiffs were not sold securities directly from E*Trade, E*Trade actively participated in the sale of securities . . . . E*Trade was indirectly involved in a course of business that operates as a deceit upon the Plaintiffs. Thus, the Plaintiffs have properly alleged a plausible cause of action under [the] Louisiana Blue Sky law."[15]

In its motion, E*TRADE additionally notes plaintiffs' failure to "specify which provision of the Louisiana Securities Law" they rely on, but "assumes that Plaintiffs would allege a violation of La. Rev. Stat. Ann 51:712(A)(2) – the only sub-section for which a private right of action exists."[16] Rather than address defendant's arguments for dismissal of any § 51:712(A)(2) claim, however, plaintiffs' opposition to dismissal relies solely on the assertion that their claim is brought pursuant to § 51:712(D). Accordingly, defendant's motion as to the dismissal of any § 51:712(A)(2) claim is **GRANTED** without opposition.

Louisiana law does not support the § 51:712(D) claim relied on by plaintiffs in their opposition. "La. R.S. 51:714, which provides for civil liability arising from the sale of securities, makes no provision for liability based on a violation of La. R.S. 51:712(D). Rather, civil liability is based on the fraudulent sale of securities under La. R.S. 51:714(A)." *Solow v. Heard McElroy & Vestal, L.L.P.*, 7 So. 3d 1269, 1282 (La. Ct. App. 2d Cir. 2009) writ denied, 17 So. 3d 961 (La. 2009). Defendant's motion is **GRANTED** as to this claim.

---

[14]R. Doc. No. 144-1, at 16.
[15]R. Doc. No. 156, at 4-5.
[16]R. Doc. No. 144-1, at 15.

## CONCLUSION

For the foregoing reasons, E*TRADE's motion is **GRANTED** and all remaining claims against E*TRADE are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, October 18, 2013.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**