UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DENNIS BLANCHARD, ET AL.**          **CIVIL ACTION**

**VERSUS**          **NO. 13-220**

**SALVADOR LEE, ET AL.**          **SECTION I**

## ORDER AND REASONS

The Court has received a "motion to transfer venue to United State District Court for the Southern District of Texas, Houston Division and for recommendation of referral to the United States Bankruptcy Court for the Southern District of Texas, Houston Division."[1] The motion is filed pro se by defendant, Mark Townsend ("Townsend"), but it argues for a transfer of venue on the basis that co-defendant, River Oaks Investment Group, Inc. "ROIG"), "filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, under Case No. 16-30749" on February 10, 2016.[2] Furthermore, it appears that Townsend is attempting to argue on behalf of ROIG as well as on behalf of himself.[3]

Townsend moves for transfer pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." For the "usual § 1404(a)" motion, the Court considers private-

---

[1] R. Doc. No. 201.
[2] R. Doc. No. 201, at 3.
[3] R. Doc. No. 201, at 3 ("ROIG is requesting this Court transfer venue . . . ."); R. Doc. No. 201, at 5 ("Although Mr. Townsend is not a bankruptcy debtor, he also benefits from the efficient resolution of these issues by the Bankruptcy Court and the experience of counsel for ROIG.").

1

interest and public-interest factors. *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 766 (5th Cir. 2016). "The private-interest factors include 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id.* at 766-67 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). "The public-interest factors include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Id.* at 767 (quoting *Piper*, 454 U.S. at 241 n.6). "A plaintiff's choice of forum is given "some"—significant but non-determinative—weight. *Id.*

As plaintiffs point out in opposition,[4] Townsend does not represent ROIG, which is presently unrepresented despite this Court's order that it enroll counsel.[5] Accordingly, the Court declines to consider any argument purportedly asserted by Townsend on behalf of ROIG as an improper attempt to bypass this Court's orders that ROIG enroll counsel. Ignoring such arguments, the Court finds that Townsend's assertion that he would "benefit[] from the efficient resolution of these issues by the Bankruptcy Court and the experience of counsel for ROIG" is too vague and insufficient to overcome the significant weight given to plaintiffs' selection of a Louisiana forum. *See Weber*, 811 F.3d at 767.Accordingly, the Court is not persuaded that a transfer of venue pursuant to § 1404(a) is appropriate.

Townsend also moves for transfer pursuant to 28 U.S.C. § 1412, which provides that "[a]

---

[4]R. Doc. No. 202.
[5]R. Doc. Nos. 194, 195.

district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." Because "courts apply essentially the same factors in analyzing transfers under §§ 1404(a) and 1412," Townsend has likewise not established that transfer pursuant to § 1412 is warranted. *See Campbell v. Williams*, No. 14-097, 2015 WL 3657627, at *2 (S.D. Tex. June 12, 2015).

This motion is the first notification to the Court that defendant ROIG has filed a voluntary Chapter 7 bankruptcy petition. Pursuant to the automatic bankruptcy stay of 11 U.S.C. § 362, this matter must be stayed as to ROIG.

The Court further notes that defendant, River Oaks Alternative Investment Fund LP, has failed to comply with the Court's order to enroll counsel.[6] Pursuant to the Court's prior order, plaintiffs shall file a renewed motion for default judgment as to River Oaks Alternative Investment Fund LP by Wednesday, June 8, 2016.

Accordingly,

**IT IS ORDERED** that the motion to transfer venue is **DENIED**.

**IT IS FURTHER ORDERED** that the above-captioned matter is **STAYED** as to defendant, River Oaks Investment Group, Inc.

---

[6]R. Doc. No. 195, at 1.

**IT IS FURTHER ORDERED** that plaintiffs shall file a renewed motion for default judgment as to River Oaks Alternative Investment Fund LP by **Wednesday, June 8, 2016**, or plaintiffs' claims against River Oaks Alternative Investment Fund LP shall be **DISMISSED** without prejudice for failure to prosecute.

New Orleans, Louisiana, May 27, 2016.

*[signature]*

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**