UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DENNIS BLANCHARD, ET AL.**                                    **CIVIL ACTION**

**VERSUS**                                                      **NO. 13-220**

**SALVADOR LEE, ET AL.**                                        **SECTION I**

## ORDER OF REMAND

When the above-captioned matter was removed from state court, the removing party asserted jurisdiction solely on the basis of 12 U.S.C. § 632, which creates federal question subject matter jurisdiction over "all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking."[1] The notice of removal identified only two defendants as corporations "organized under the laws of the United States": Wells Fargo Bank, N.A. ("Wells Fargo"), and Bank of America, N.A. ("Bank of America.").[2] The Court granted motions to dismiss and dismissed plaintiffs' claims against Wells Fargo and Bank of America.[3]

Because the claims against Wells Fargo and Bank of America have been dismissed, it is appropriate for the Court to examine the present basis for subject matter jurisdiction over plaintiffs' claims against the remaining defendants. *See Wilson v. Dantas*, 2013 WL 92999, at *8 (S.D.N.Y. Jan. 7, 2013) (holding that 12 U.S.C. § 632 "does not give this Court original jurisdiction over the entire suit, but only over those claims and parties that could have initially come before a Federal

---

[1] R. Doc. No. 1, at 7.
[2] R. Doc. No. 1, at 7-8.
[3] R. Doc. No. 119.

1

Court"), *aff'd* 746 F.3d 530 (2d Cir. 2014). No party has articulated another basis for subject matter jurisdiction, and none is apparent from the record.[4]

Because the "court has dismissed all claims over which it has original jurisdiction," the Court "*may* decline to exercise supplemental jurisdiction" over plaintiffs' remaining claims. *See* 28 U.S.C. § 1367(c)(3) (emphasis added). When deciding whether to decline supplemental jurisdiction, the Court should be "guided by the statutory factors set forth in section 1367(c) as well as the common law factors of judicial economy, convenience, fairness, and comity." *Brookshire Bros. Holding, Inc. v. Dayco Prods, Inc.*, 554 F.3d 595, 601-02 (5th Cir. 2009). Because a trial date has not yet been scheduled in the above-captioned matter and because there has been minimal progress in advancing the matter, considering the relevant factors the Court finds it appropriate to decline to exercise supplemental jurisdiction over plaintiffs' remaining claims in favor of remand to the state court where this matter was originally filed. *See* 28 U.S.C. § 1367(c); *see also Wilson*, 2013 WL 92999, at *8-9 (declining to exercise supplemental jurisdiction and remanding after dismissing the only claims giving rise to subject matter jurisdiction pursuant to 12 U.S.C. § 632). Accordingly,

**IT IS ORDERED** that the above-captioned matter is **REMANDED** to the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.

New Orleans, Louisiana, June 13, 2016.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[4] The pleadings also do not suggest a federal question, and complete diversity of citizenship appears to be lacking because plaintiffs allege that both they and defendant, Salvador Lee, reside in Louisiana. R. Doc. No. 1-3, at 2-3.